## Rassau, Appellant, *v.* Campbell.

*Election law—Liquor law—Local option—Special Act of April 3, 1872, P. L. 804—Constitutional law—Constitutional amendments.*

1. The constitutional amendment of 1909, which provides that municipal elections shall be held in every odd numbered year, on the first Tuesday after the first Monday of November, thereby abolishing the municipal elections of February, does not repeal the special Act of April 3, 1872, P. L. 804, relating to certain townships in Allegheny county, and providing that at the annual municipal election every third year, voters of the said townships shall have the right to vote for or against the granting of licenses to sell liquor in the respective town-

ships. · Such elections are to be held as before on the third Tuesday of February in every third year.

2. The incorporation of a borough out of a portion of the territory of one of the townships, subsequent to the passage of the act of 1872, did not take out of the operation of the act the territory formed into the borough.

Argued May 2, 1911. Appeal, No. 159, April T., 1911, by plaintiff, from decree of C. P. No. 2, Allegheny Co., April T., 1911, No. 514, awarding injunction in case of John Rassau v. I. K. Campbell et al., Commissioners of Allegheny County et al. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Bill in equity for an injunction.

FRAZER, P. J. filed the following opinion:

The purpose of this bill was to restrain defendants from preparing ballots and giving notice of a special election to be held in the borough of Brackenridge on the first Tuesday after the first Monday of November, 1911, to vote for or against the granting of licenses to sell liquor in that borough. The bill sets forth that the plaintiff is a taxpayer and resident of the borough of Brackenridge, and that the defendants are preparing to give notice for the holding of an election in the first ward of that borough on the first Tuesday after the first Monday of November, 1911, for the purpose of determining whether or not licenses to sell liquor in the ward above referred to during the coming three years shall be granted. Defendants demurred, alleging that the facts set forth in the bill do not entitle plaintiff to the relief claimed and that no injunction should therefore be issued as prayed for.

By an act of assembly approved April 3, 1872, P. L. 804 entitled, "An Act to allow the voters of the townships of West Deer, East Deer, Pine, Richland, Harrison, North Versailles, South Versailles, North Fayette, South Fayette, and Killbuck, in the County of Allegheny, to vote

for or against the issue of licenses to sell intoxicating liquors in said townships," it is provided "that at the next annual municipal election" in the townships named "and at the annual municipal election every third year thereafter it shall be the duty of the inspectors and judges of election in said townships to receive tickets, either written or printed, from the legal voters of said townships, labeled on the outside 'License,' and on the inside 'For License' or 'Against License'." These tickets the judges and inspectors are required to count and make return thereof to the clerk of the court of quarter sessions of the county. The second section makes it the duty of the constables of the several townships named to give due public notice by handbills, throughout the township of such special election, at least thirty days previous to the time for holding the same. If the majority of the votes cast in any township named is in favor of the sale of intoxicating liquors, licenses may be granted in that township; if a majority of the votes cast is against the sale of intoxicating liquors no licenses shall be granted in that township, for a period of three years.

At the next municipal election following the passage of the act an election was held in the township of Harrison, which at that time included the territory now embraced in the borough of Brackenridge, to determine whether or not liquor should be sold within that township during the succeeding three years, and such elections have been held every three years since that time on the third Tuesday of February, in the territory embraced within the townships named at the time of the passage of the act.

By an amendment to the constitution recently adopted the holding of annual municipal elections in February has been done away with, and elections for choosing county and municipal officers are now held biennially in the month of November of the odd numbered years.

The purpose of the act of 1872 was to confer upon the voters of the townships named the privilege of determining every third year whether or not licenses to sell in-

toxicating liquors should be granted in the respective townships for the period of three years, and in accordance with the provisions of the act elections have heretofore been held on the third Tuesday in February in every third year, the present three year period expiring in February, 1912.

The question for determination is the effect the recent amendments to the constitution providing for the election of state officers in November of even numbered years and of local officers in November of odd numbered years, and doing away entirely with February elections, has upon the right of the people of the townships named to vote upon the question of license or no license. The amendment to the constitution refers to the elections and municipal officers, and does not refer to elections permitted by law to be held in municipal divisions for other purposes. Consequently it should be assumed that the latter class of elections were not intended to be interfered with and should be held as heretofore, unless they can be held in November of odd numbered years and a complianace with the law had by so doing.

In this case if the election is to be held only in November when elections are held for local officers the act of 1872 cannot be complied with, as local elections are held every two years, and an election for license or no license under the act of 1872 at the coming November election would result in an interim of one year at the expiration of three years, and at the expiration of every alternate three years thereafter. Such a state of affairs would cause confusion, render the act effective only in part, and make doubtful the right of the court to grant licenses during the interim between elections. While the act fixes the "annual municipal election" as the time for determining the license question, the legislature could just as well have used the words "third Tuesday of February," and the result would have been the same, as that day was the day upon which annual municipal elections were at that time held. The act of 1872 should be reasonably con-

492        RASSAU, Appellant, *v.* CAMPBELL.

Opinion of Court below—Opinion of the Court.   [47 Pa. Superior Ct.

strued so as to carry out the legislative intention to give the voters of the townships named the right to vote on the question of license every three years, and that can only be done now by holding that such elections should continue to be held as heretofore, on the third Tuesday of February in every third year.

That the territory included in the borough of Brackenridge (it being a part of Harrison township at the time of the passage of the act of 1872) is still subject to the provisions of that act there can be no doubt.  Substantially this question was before this court in the case of Irwin v. McCallin, 28 Pittsburg Legal Journal, 322.  In that case Judge Ewing held that an act of assembly prohibiting the sale of intoxicating liquors in Wilkins township appled to the territory embraced within the township at the time of the passage of the act, and continued to apply to that portion of its territory which was afterwards formed into Sterritt township.

In principle these two cases are alike.  The legislature having provided that the voters of the territory which formed the township of Harrison should vote triennially on the question of license, that legislation was not and could not be repealed by the court of quarter sessions by incorporating a portion of the territory into the borough of Brackenridge; consequently the act still applies to the territory constituting that borough; Clifford v. Belsterling, 2 S. &. R. 108.

Judgment on the demurrer will therefore be entered in favor of plaintiff, and a decree drawn accordingly.

*Error assigned* was decree of the court awarding injunction.

*R. A. Kennedy,* for appellants.

*Edward J. I. Gannon,* for appellee.

Per Curiam, July 11, 1911:
The majority of the judges of this court concur in the

conclusion reached by the common pleas, and in affirming the decree upon the opinion of its learned president. We express no opinion as to the effect of the repealing act of June 8, 1911.

The decree is affirmed, with costs, each appeal to be paid by the respective appellant.